UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGETTE DILLON, ET AL.                           CIVIL ACTION

VERSUS                                             NO:      07-4737

ALLSTATE INSURANCE COMPANY                         SECTION: "N" (4)

### ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 19)** filed by the Defendant, Allstate Insurance Company ("Allstate") in compliance with this Court's Order (R. Doc. 16) granting as unopposed Allstate's earlier Motion to Compel Discovery (R. Doc. 14). The Plaintiffs, Georgette Dillon and the Estate of Dorothy J. Reilly (collectively referred to as "the Plaintiffs") filed an Opposition To the Motion To Fix Attorney's Fees (R. Doc. 22). The motion was heard without oral argument on Wednesday, October 1, 2008.

### I.    Factual Summary

The Plaintiffs failed to respond to Interrogatories and Requests for Production of Documents and Things propounded by Allstate in compliance with Federal Rules of Civil Procedure ("Rules") 33 and 34. As a result, Allstate filed a Motion to Compel Discovery (R. Doc. 14), which was granted by the undersigned on September 11, 2008. The Court ordered the award of attorney's fees and costs in connection with the Plaintiffs' failure to comply. Allstate now seeks an award of $140.00 in attorneys fees and costs.

Allstate filed a **Motion To Fix Attorney's Fees** (**R. Doc. 19**) and attached an affidavit by its lead counsel, Monica Gant Moton ("Moton"). Moton failed to append a time report, which,

presumably should have been taken contemporaneously with the rendering of legal services. However, in the body of her motion, she indicates that she seeks a fee of $140.00. (*See* R. Doc. 19-2, p. 2). The Court also notes that Moton failed to itemize the services that she rendered in connection with Allstate's motion to compel.[1]

The Plaintiffs oppose the motion on the grounds that Ms. Dillon is "on a nominal income." (R. Doc. 22, p. 1). Counsel for the Plaintiffs, Paul Miniclier ("Miniclier") further asserts that he and his clients were unaware that Allstate had filed a motion to compel until they received the Order from the Court. (R. Doc. 22, p. 1). Miniclier emphasizes that the discovery responses ultimately were forwarded to Allstate via email. (R. Doc. 22, p. 1).

The Court notes that the Plaintiffs fail to indicate the exact date that the responses were forwarded. Furthermore, upon review of the notice of electronic filing, the Court observes that Mr. Miniclier received an email at 2:43 p.m. on August 15, 2008 regarding the underlying discovery motion. Therefore, the Court remains unpersuaded by counsel's claim that he and, by extension, his clients, were unaware the motion had been filed.

## II. **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light*

---

[1] The Court notes that it is unclear whether the total amount requested by counsel is $140.00 or $175.00. Moton's affidavit states that "a rate of $175.00 an hour is commensurate with or below rates charged in similar cases by other local attorneys with similar experience, skill, and reputation." However, in the body of the motion, she states that "Allstate Insurance Company respectfully requests that this Honorable Court fix attorney's fees in the amount of $140.00." In light of this discrepancy, the Court, in its discretion, will operate under the premise that Allstate seeks $140.00 in total fees.

*Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[2]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Analysis

### A. Calculating a Reasonable Hourly Rate

Allstate's fee application seeks to recover fees for services rendered in connection with an earlier filed Motion to Compel. In her affidavit, Allstate's counsel, Moton, certifies that she graduated from Southern University Law Center in May of 2000. (R. Doc. 19-3, ¶ 1, Aff. of Monica Gant Moton). She further avers that she has been a member in good standing in the Eastern District of Louisiana for five years. (R. Doc. 19-3, ¶ 1). The Court notes that in the subsequent paragraph of the affidavit, Moton indicates that she has been involved in discovery disputes before this court "throughout the course of her **18 years** of practice." (R. Doc. 19-3, ¶ 2) (emphasis added). The

---

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Court construes this as a typographical error, and upon further research has determined that Ms. Moton has a practicing litigator for the past eight years. *See* Biography Page, Moton, Monica Gant, Lewis Brisbois Bisgaard & Smith, LLP, *available at* http://www.lbbslaw.com/attorneybio.aspx?id=3525 (last visited Feb. 13, 2009). Moton also attests that her hourly rate is $175.00. (R. Doc. 19-3, ¶ 3).

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that Ms. Moton's rate of $175.00 is reasonable given her eight years of experience. *See Creecy v. Metro. Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that a rate of $175.00 is appropriate and reasonable for Moton's work on the motion.

### B. <u>Determining the Reasonable Hours Expended</u>

Allstate does not clearly delineate the number of hours it expended in drafting the subject Motion to Compel Discovery. It references a "redacted billing sheet" in its motion, but failed to attach it. Further, Allstate neglected to provide a statement of the total number of hours sought in the fee award. It does, however, seek a fee totaling $140.00, which, according to counsel's hourly rate, amounts to 0.80 hours of billing time. The Court finds that this amount is reasonable.

### C. <u>Adjusting the Lodestar</u>

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway*

5

*Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Allstate Insurance Company's **Motion to Fix Attorney's Fees (R. Doc. 19)** is hereby **GRANTED**. The Court finds that a total fee of **$140.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Georgette Dillon and the Estate of Dorothy J. Reilly shall satisfy their obligation to Allstate no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 16th day of February 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**